IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| STASTINA ADKISSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | DOCKET No: _____ |
| v. ) | JURY DEMAND (12) |
| ) | |
| VANDERBILT UNIVERSITY (THE) ) | |
| d/b/a VANDERBILT UNIVERSITY ) | |
| MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Comes now the Plaintiff, Stastina Adkisson, by and through her undersigned counsel, and for her Complaint against Defendant Vanderbilt University (The) d/b/a Vanderbilt University Medical Center, the Plaintiff states as follows:

1. The Plaintiff, Stastina Adkisson, (hereinafter "Plaintiff") is a resident and citizen of Nashville, Davidson County, Tennessee.

2. The Defendant, Vanderbilt University (The) d/b/a Vanderbilt University Medical Center, (hereinafter "Defendant") is a domestic corporation authorized to be and doing business in Nashville, Davidson County, Tennessee, where the allegations set forth in this complaint occurred.

3. Jurisdiction is proper in this matter pursuant to federal question jurisdiction because Plaintiff is alleging a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e-5 and the Americans with Disabilities Act of 1990 As Amended and Amendments Act of 2008, 42 USC § 12101 et seq.

4. The Plaintiff was hired by the Defendant on or about June 29, 2007.

5. On or about December 29, 2010, the Defendant Employer wrongfully and maliciously terminated the Plaintiff.

6. Plaintiff filed two charges with the Equal Employment Opportunity Commission. Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission for both charges which are attached as Exhibits A and B.

## COUNT I
## RACIAL DISCRIMINATION

7. Allegations 1-6 are hereby incorporated herewith. The Plaintiff asserts that the Defendant discriminated against her due to her race in violation of the Tennessee Human Rights Act pursuant to T.C.A. Sec 4-21-101, et. seq.; T.C.A. Sec. 4-21-301, et. seq.; T.C.A. Sec. 4-21-401, et. seq. and Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e-5.

8. The Plaintiff is an African American female.

9. The Plaintiff's Manager was Cheryl Mason and her Assistant Manager was Jamil Wahidi. Plaintiff's manager is Caucasian and Plaintiff's assistant manager is Indian.

10. Beginning on or about December 8, 2009 and continuing through her termination on December 29, 2010, the Plaintiff was subjected to harassment and discrimination by management due to her race.

11. Similarly situated Caucasian employees' were treated differently from Plaintiff.

12. At said dates and times, the manager failed to apply policies consistently between Plaintiff and other similarly situated Caucasian co-workers. For example, Plaintiff received a write up for removing her paper from queue while other Caucasian employees were not written up for similar offenses.

13. Additionally, Plaintiff was threatened with a Performance Improvement

Counseling (PIC) for not entering a payment in the system but other Caucasian employees were not threatened with a PIC.

14. In addition to being discriminated against, the Plaintiff was also terminated by the Defendant because of her race.

15. The Plaintiff was terminated on December 29, 2010.

16. The Plaintiff asserts that she was treated poorly and received disparate treatment as compared to Caucasian employees who were similarly situated.

17. Cheryl Mason and Jamil Wahidi systematically discriminated against and terminated non-Caucasian employees as compared to Caucasian workers.

18. The Plaintiff asserts that the employer violated Tenn. Code. Ann § 4-21-401, et. seq. and Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e-5 and wrongfully discriminated against the Plaintiff on the basis of her race, African American.

19. The Plaintiff asserts that there is a causal connection between the Defendant's poor treatment, discrimination and ultimate decision to terminate her and the Plaintiff's race.

20. The Plaintiff would aver that the Defendant's reason for termination was pre-textual and that further, the Plaintiff was terminated due to her race.

21. At all relevant times as set forth herein, the racial discrimination from the Defendant was severe and pervasive as to create a hostile work environment which affected the terms, conditions, and/or privileges of the Plaintiff's employment with the Defendant.

## COUNT II
## DISABILITY DISCRIMINATION

22. Allegations 1-6 are hereby incorporated herewith. In the alternative, the Plaintiff asserts that the Defendant discriminated against the Plaintiff starting on or about December 8,

2009, in violation of the Americans with Disabilities Act of 1990 As Amended and Amendments Act of 2008, 42 USC § 12101 et seq. and Tennessee Disability Act pursuant to Tenn. Code Ann. § 8-50-103, the Tennessee Human Rights Act pursuant to Tenn.Code Ann. § 4-21-101 et seq.

23. At all relevant times herein, the Defendant employed over fifteen persons.

24. The Plaintiff asserts from December 8, 2009 through December 29, 2010, the Plaintiff was operating under a physical impairment that substantially limited a major life activity which was apparent to and perceived by the Defendant.

25. Plaintiff has a metal plate and screws in her hip and in her arm resulting from injuries sustained in a non-work-related car accident.

26. Defendant was aware of her disability and issued her a disability placard and allowed her to park in handicapped parking.

27. The Defendant perceived or regarded the restrictions placed on the Plaintiff's hip as a ~~handicap~~ disability.

28. The Defendant perceived or regarded the health problems the Plaintiff was experiencing with regard to her injuries as a ~~handicap~~ disability.

29. Plaintiff was capable of performing the essential functions of her job without limitation.

30. The Defendant's termination of the Plaintiff constitutes an adverse employment action.

31. The Defendant's termination of the Plaintiff constitutes a violation of the Americans with Disabilities Act of 1990 as Amended and Amendments Act of 2008, 42 USC § 12101 et seq. and Tennessee Disability Act, Tenn. Code Ann. § 8-50-103.

32. The Defendant discriminated against the Plaintiff and treated her poorly from

the time the Defendant knew of her disabling injuries until the date of her discharge.

33. The Plaintiff was capable of performing the essential functions of her job with a reasonable accommodation at the time of her discharge.

34. The Plaintiff would further allege that she was discriminated against by the Defendant and that such improper acts and/or omissions rose to the level of handicap and disability discrimination which ultimately culminated in the Plaintiff's discharge.

35. At all relevant times herein: (a) the Plaintiff was qualified for the position she held with the Defendant; (b) the Plaintiff was disabled; and (c) the Plaintiff suffered an adverse employment action because of that disability.

36. Plaintiff was substantially limited in one or more major life activities including but not limited to lifting, carrying, performing manual tasks and working.

37. While the Plaintiff could perform the essential functions of her job with the Defendant with reasonable accommodation, the Defendants did not in good faith attempt to accommodate the Plaintiff with her work restrictions nor did the Defendant consider modifying the Plaintiff's work schedule or work duties. The Defendant did not make a good-faith effort to modify the Plaintiff's work schedule or accommodate her restrictions.

38. The Defendants' refusal to make reasonable accommodation for the Plaintiff's disability or perceived disability and their failure to engage in a bona-fide interactive process with the employee, and their termination of the Plaintiff constitutes discrimination against the Plaintiff due to her disability in violation of the Americans with Disabilities Act of 1990 As Amended and Amendments Act of 2008, 42 USC § 12101 et seq., Tennessee Disability Act pursuant to Tenn. Code Ann. § 8-50-103, et seq., and the Tennessee Human Rights Act pursuant to Tenn.Code Ann. §§ 4-21-101, et seq. and 4-21-301, et seq.

39. At all relevant dates and times as forth herein, the Defendant were vicariously

liable for the actions and inappropriate conduct of its employees, agents and/or representatives because: (a) the Defendant did not exercise reasonable care to promptly correct and prevent the handicap and disability discriminating behavior; (b) the Defendant did not properly supervise and train the Plaintiff's supervisors regarding appropriate behavior towards employees; (c) the Defendant did not properly train the Plaintiff's supervisors regarding the Defendant's policies towards a workplace free of handicap and disability discrimination; (d) the Defendant did not have a viable and reasonable procedure and policy in effect to encourage and promote employees to report handicap and disability discrimination occurring within the Defendant's workplace; and (e) the Defendant did not have a viable and reasonable procedure and policy in effect to provide reasonable accommodation to its employees with disabilities.

40. At said relevant dates and times as set forth herein:

   a) the Plaintiff was a qualified individual with a disability that substantially limited one or more major life activities and/or the employer treated and perceived the Plaintiff as if the Plaintiff's impairment substantially limited a major life activity;

   b) the Plaintiff was able to perform the essential functions of her job with or without reasonable accommodation; and

   c) the Plaintiff suffered a tangible employment action in being discharged or terminated by the employer as a result of her disability.

## COUNT III
## RETALIATION

41. Allegations 1-6 are hereby incorporated herewith. In the alternative, the Plaintiff asserts that the Defendant retaliated against her in violation of T.C.A. § 4-21-101 and 4-21-301 et seq., T.C.A. § 4-21-401 et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e-5, and

Americans with Disabilities Act of 1990 as Amended and Amendments Act of 2008, 42 USC § 12101 et seq.

41. The general assembly expressly conferred a private right of action in favor of the claimant against the State for violation of statutory provisions, including the Tennessee Human Rights Act, T.C.A. § 4-21-101, 4-21-302 through T.C.A. § 4-21-311, Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e-5, and Americans with Disabilities Act of 1990 as Amended and Amendments Act of 2008, 42 USC § 12101 et seq.

42. The Tennessee Human Rights Act expressly confers a private right of action to protect individuals against retaliation for engaging in a protected activity, such as reporting racial discrimination and harassment.

43. Beginning in December 8, 2009 and continuing through December 29, 2010, the Plaintiff was subjected to retaliation in the workplace. Plaintiff was harassed by her supervisors and fellow co-workers after filing an EEOC charge of discrimination. The Plaintiff reported this retaliation to her employer.

44. The Plaintiff avers that Cheryl Mason and Jamil Wahidi were the purveyors of the aforementioned acts of inappropriate conduct and harassment and that despite Plaintiff's formal complaint and requests to cease discrimination and harassment the Defendant retaliated against the Plaintiff for reporting the retaliation.

45. The harassment continued and ultimately resulted in the Plaintiff's actual termination on or about December 29, 2010 for an alleged no call/no show.

46. The Defendant knew that the Plaintiff was uncomfortable with the hostile work environment at the facility, yet the Defendant refused to cease the inflammatory situation.

47. State statutes were enacted to prevent discrimination and retaliation in the workplace.

48. The Plaintiff's actions of filing an EEOC charge, and reporting the harassment and discrimination constitutes a protected activity.

49. At all relevant times, a) the Plaintiff engaged in a protected activity; b) the exercise of this protected activity was known to the Defendant; c) the Defendant thereafter took an employment action that was adverse to the Plaintiff; and d) there was a causal connection between the protected activity and the adverse employment action.

50. As a result, Plaintiff was negligently deprived of her statutory right to report discrimination and harassment and of her statutory right not to be retaliated against for reporting such conduct.

51. Defendant's reason for termination, a no-call/no-show was pretextual as Plaintiff had previously been approved to take a vacation day on the date Defendant alleges she did not report for work.

## APPLICABLE TO ALL COUNTS

52. Plaintiff has suffered direct pecuniary losses as a result of the Defendant's violations of the Tennessee Human Rights Act, the Americans with Disabilities Act of 1990 As Amended and Amendments Act of 2008, 42 USC § 12101 et seq. and Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e-5.

53. Plaintiff will continue to suffer direct pecuniary losses as a result of the Defendant's culpable acts or omissions as set forth herein, the Defendant's violations of the Tennessee Human Rights Act, the Americans with Disabilities Act of 1990 As Amended and Amendments Act of 2008, 42 USC § 12101 et seq. and Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e-5.

54. Plaintiff seeks a judgment for back pay plus interest thereon, the value of lost employment benefits through the date of trial plus interest thereon, front pay, expert witness fees,

attorneys fees, other litigation expenses and court costs.

55. Plaintiff was discharged by the Defendant and is entitled to compensation for past, present and future wages and benefits, incidental damages, attorney's fees, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other nonpecuniary loses.

56. Plaintiff further submits that the Defendant has acted: (a) intentionally, (b) maliciously, or (c) recklessly in terminating the Plaintiff and that the Plaintiff is entitled to punitive damages to punish the wrongful discrimination and/or retaliation and to deter future similar conduct.

57. As a result of the racial discrimination, disability discrimination, retaliation and wrongful termination, the Plaintiff has suffered embarrassment and humiliation, emotional distress, incidental expenses, lost wages and loss of earning capacity.

58. As a result of the Defendant's culpable acts or omissions as set forth herein, the Plaintiff was improperly discriminated against and terminated by the Defendant and is entitled to compensation for past, present and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering, other nonpecuniary loses, and for punitive damages.

WHEREFORE PLAINTIFF PRAYS:

    a)    that service of process be issued to the Defendant as set forth in;

    b)    that a jury of twelve (12) be empaneled to try this action;

    c)    the Plaintiff be awarded compensatory damages in an amount of $200,000.00 or an amount to be determined by a jury;

    d)    the Plaintiff be awarded punitive damages in an amount of $200,000.00 or an amount to be determined by a jury;

e) that the Court award the Plaintiff attorney's fees and costs incurred in prosecuting this action and such discretionary costs as provided under Tennessee law;

f) that the Court award the Plaintiff such other, further, general and different relief to which she may be entitled; and punitive damages;

g) that the costs of this action be taxed against the Defendant for which execution may issue;

g) for general relief;

Respectfully submitted,

LAW OFFICE OF DONALD D. ZUCCARELLO

_____
Donald D. Zuccarello [BPR No. 15092]
Anne Hunter Williams [BPR No. 022407]
3209 West End Avenue
Nashville, Tennessee 37203
(615) 259-8100
(615) 259-8108 Facsimile
*Attorneys for the Plaintiff*

## COST BOND

I, Donald D. Zuccarello, am surety for this cause.

_____
Donald D. Zuccarello